UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| NIYOM SOUVANNASOT ) | |
| ) | |
| v. ) | Case No. 1:20-CV-00186-TRM-CHS |
| ) | |
| MICHAEL R. KLEIN ) | |

## REPORT AND RECOMMENDATION

### I.     Introduction

Pro se Plaintiff Niyom Souvannasot has filed an application to proceed *in forma pauperis* [Doc. 4]. Under 28 U.S.C. § 1915(e)(2), courts have the responsibility to screen all cases filed by plaintiffs seeking *in forma pauperis* status and to dismiss any case that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.[1] The Court also has a duty to determine whether it has subject matter jurisdiction to adjudicate an action.[2] If a party relies on diversity jurisdiction to bring a case into federal court, that party bears the burden of establishing diversity jurisdiction.[3] For the reasons stated herein, the Court finds it lacks subject matter jurisdiction and **RECOMMENDS** that this action be **DISMISSED** without prejudice and the application to proceed *in forma pauperis* be **DENIED** as moot.

### II.    Discussion

Plaintiff Niyom Souvannasot is a citizen of Joliet, Illinois. He brings this action against Michael Klein as president of Metlife GA located in Knoxville, Tennessee. [Doc. 1, Complaint,

---

[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008).
[2] *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.")
[3] *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

1

Page ID # 1[4]]. Plaintiff, who was in a single vehicle accident on January 16, 2018, asserts that his insurance policy in effect at that time provided for a $500 deductible but that his insurance company falsely told him it was $1,000. [*Id*.]. The insurance company has refused to pay the additional $500.00 which Plaintiff asserts is due him. [*Id*. at Page ID # 6]. Plaintiff seeks $500,000.00 in damages. [*Id*.].

Federal courts have subject matter jurisdiction to address this state law claim if diversity jurisdiction exists under 28 U.S.C. § 1332. To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). The amount in controversy claimed by a plaintiff in good faith in the complaint controls. *Horton v. Liberty Mut. Ins. Co*., 367 U.S. 348, 353 (1961); *Wachter, Inc. v. Cabling Innovations, Inc. LLC*, 387 F. Supp.3d 830, 843 (M.D. Tenn. 2019). "In deciding this question of good faith we have said that it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Horton*, 367 U.S. at 353 (internal citation omitted). If the damages a party alleges exceed any reasonable expectation of recovery, jurisdiction does not attach. *Tullos v. Corley*, 337 F.2d 884, 887-88 (6th Cir.1964); *Worthams v. Atlanta Life Ins. Co*., 533 F.2d 994, 997 (6th Cir. 1976).

While Plaintiff may indeed be frustrated by a misunderstanding with his insurance company, the damages alleged in this controversy exceed any reasonable expectation of recovery. More specifically, the Court finds that it is simply not possible for Plaintiff to recover a monetary judgment in excess of $75,000 given that the actual amount in controversy is $500. Thus, it appears to a legal certainty that the claim is for an amount less than the jurisdictional requisite. The Court notes that at least one federal court has already told Plaintiff that there is no subject matter

---

[4] Page ID #'s are a reference to the numbers given in sequential order to all pages of every document filed in the Court's electronic record.

jurisdiction to bring this action in a federal court because, among other things, the amount in controversy does not exceed $75,000. *See Souvannasot v. Klein*, No. 19-1771(UNA), slip op. at *1 (D.C. July 24, 2019). [*See* opinion attached to Complaint, Page ID # 13]. This Court concludes it does not have subject matter jurisdiction to hear this case.

III. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and that the application for *in forma pauperis* status be **DENIED** as moot.[5]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).